**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MSP RECOVERY CLAIMS, SERIES 44 LLC, a Delaware entity, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 1:22-CV-05054 |
| ZURICH AMERICAN INSURANCE COMPANY, an Illinois company, | ) ) ) | Judge Steven C. Seeger |
| Defendant. | ) ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY**</u>

For the second time, MSP Recovery Claims, Series 44 LLC ("MSP Recovery") has sued Zurich American Insurance Company ("Zurich") under the federal Medicare Secondary Payer Act, 42 U.S.C. §1395y ("MSP Act") in the Northern District of Illinois for claims based on an alleged assignment from a Medicare Advantage provider. In 2019, Zurich prevailed on a motion to dismiss these claims. *See MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18 C 7849, 2019 WL 6893007 (N.D. Ill. Dec. 18, 2019) ("MSP/Zurich III") (dismissing nearly identical claims without prejudice and without leave to amend).[1] Now, in 2023, Zurich has been forced to file another motion to dismiss these nearly identical claims.

Given this history and the high likelihood that MSP Recovery's claims will be dismissed once again, there is little reason for discovery to proceed while the motion to dismiss remains

---

[1] This is in addition to two nearly identical lawsuits MSP Recovery filed against Zurich in Florida – MSP/Zurich I & II. *See* Zurich's Motion to Dismiss and Rule 41 Motion for Fees and a Stay for full explanation of MSP/Zurich I & II.

pending. Several other factors also weigh in favor of a brief stay while the Court considers the motion to dismiss. For instance:

- MSP Recovery has already waited years to bring this suit. Although its claims relating to the representative beneficiary in this lawsuit accrued in 2018, and although it made substantially similar allegations against Zurich later that year, MSP Recovery has made no attempt to enforce its alleged rights until now. There is simply no indication time is of the essence.

- Discovery from Zurich would not help MSP Recovery avoid dismissal. In its motion to dismiss, Zurich has raised legal arguments that have nothing to do with discovery (*e.g.*, whether the assignee of an MAO has standing under the MSP Act) and pleading deficiencies that only MSP Recovery – and not Zurich – can cure (*e.g.*, whether MSP Recovery has a valid assignment). Nothing MSP Recovery can glean from Zurich in discovery would change these fatal flaws in its claims.

- MSP Recovery seeks an extraordinary remedy – equitable accounting – that would impose a substantial discovery burden on Zurich, tantamount to the discovery one might expect in a class action. A brief stay would be a rational, proportional measure, given the expansive the discovery MSP Recovery seeks.

For these and the reasons further described below, the Court should grant Zurich's motion to stay discovery while the motion to dismiss remains pending.

## I. STANDARD

"District courts have broad discretion in managing discovery. . . . In accordance with Federal Rule of Civil Procedure 26, a court may, for good cause, limit the scope of discovery or control its sequence to "protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense. . . . It is the movant's burden to show that good cause exists for a stay." *Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) (internal quotation marks and citations omitted).

That burden is not high. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("[S]uch stays are granted with substantial frequency. Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." (footnotes omitted)).

"In determining whether good cause exists to stay discovery during the pendency of a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Liggins*, 2021 WL 2853359, at *1 (internal quotation marks and citations omitted).

## II.     ARGUMENT

### a. The First Factor Favors a Brief Stay because MSP Recovery Already Waited Years to Bring this Claim and Discovery Will Not Affect the Outcome of the Motion to Dismiss.

The first factor – whether a stay will unduly prejudice or tactically disadvantage MSP Recovery – favors a stay. Simply having to wait for a resolution of a motion to dismiss is not unduly prejudicial or disadvantageous. *See, e.g.*, *Robinson v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069, at *2 (N.D. Ill. June 16, 2021) ("a simple delay alone would not necessarily cause undue prejudice or be tactically disadvantageous"); *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay." (internal quotation marks omitted)).

MSP Recovery's conduct also strongly suggests that it does not genuinely believe time is of the essence. Most notably, in MSP/Zurich III, MSP Recovery did not raise M.B.'s claims even though MSP Recovery alleges it was assigned HFHP's recovery rights in 2016 and the M.B. claim accrued in 2018. *See* Compl. ¶¶ 27-35. In 2018, on the basis of its that assignments with Medicare Advantage providers and their vendors, MSP Recovery sued Zurich regarding several *other* alleged individual claim. *See MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co*., No. 18 C 7849, 2019 WL 6893007, at *2 (N.D. Ill. Dec. 18, 2019). In that action, MSP Recovery had the opportunity to raise M.B.'s claim as an exemplar claim. It chose not to. Nor, after that case was dismissed in 2019, did MSP Recovery act swiftly to assert the M.B. claim. Instead, it waited almost another three years to bring this action. In other words, if time had been of the essence to MSP Recovery, it would have brought M.B.'s claims with its original, now-dismissed claims that it brought in 2018 or soon after those claims were dismissed in 2019.

It also bears emphasis that the only grounds raised in Zurich's motion to dismiss are premised either on legal questions (*i.e.*, which have little to do with discovery)[2] or on pleading deficiencies that *Zurich* will not be able to cure through discovery (*i.e.*, answers that *MSP Recovery itself* already likely has).[3] If discovery is "unlikely to produce facts necessary to defeat the motion [to dismiss]," then a stay may be appropriate. *E.g.*, *Hardimon v. SCF Lewis & Clark Fleeting LLC*, No. 21-CV-298-RJD, 2022 WL 1104738, at *3 (S.D. Ill. Apr. 13, 2022) ("courts have recognized the appropriateness of a stay where the motion to dismiss can resolve the case, or where

---

[2] Such as whether the MSP Act gives the assignee of an MAO a private right of action or whether the MSP Act permits equitable accounting as a remedy. *See* ECF No. 21 at Parts IV.B.1, IV.C.2.

[3] Such as whether HFHP actually sustained an injury and when HFHP actually made payments on M.B.'s behalf. *See* ECF No. 21 at Parts IV.B.2, IV.C.1.

4

the requested discovery is unlikely to produce facts necessary to defeat the motion"); *Liggins*, 2021 WL 2853359, at *2 (N.D. Ill. July 8, 2021) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.").

> **b. The Second Factor Favors a Brief Stay because the Motion to Dismiss May Dispose of the Entire Case or Substantially Reduce the Extraordinary Scope of Discovery MSP Recovery Seeks.**

The second factor – whether a stay will simplify the issues in question and streamline the trial – also favors a stay. Zurich has filed motion to dismiss that may dispose of the case entirely. Indeed, it has already successfully done so before. *See MSP Recovery Claims, Series, LLC v. Zurich Am. Ins. Co.*, No. 18 C 7849, 2019 WL 6893007 (N.D. Ill. Dec. 18, 2019) (dismissing nearly identical claims without leave to amend).

The nature of the grounds raised in Zurich's motion to dismiss are also notable. In particular, courts recognize that standing arguments – like the ones Zurich has raised – are likely to warrant a stay. *E.g.*, *In re Clearview AI, Inc. Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) ("Macy's has argued in its motion to dismiss that Plaintiffs lack standing to bring any of their claims against it. In light of that potentially-dispositive standing argument, the Court finds that a temporary stay of discovery as to Macy's is warranted."); *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *1 (N.D. Ill. Feb. 20, 2013) (stay of discovery is appropriate "when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing").

Likewise, purely legal arguments – like the ones Zurich has raised – can justify a stay. *E.g.*, *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming a stay on discovery pending a ruling on a motion to dismiss that "turn[ed] on what is essentially a legal issue"); *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *2

(N.D. Ill. Mar. 9, 2022) (granting stay where motion to dismiss raised "legal issues such as privity or a duty to disclose").

But even if Zurich's motion to dismiss does not dispose of the case entirely, it certainly still has the potential to substantially reduce the scope of discovery by eliminating MSP Recovery's novel claim for equitable accounting. *See Liggins*, 2021 WL 2853359, at *3 (N.D. Ill. July 8, 2021) ("[I]f the motion is granted, it could dispose of the entire case *or narrow the issues significantly*. This factor weighs in favor of a stay because the costs and burdens of discovery may prove unnecessary if the motion to dismiss is granted." (emphasis added)). Even the prospect of this type of partial victory merits a stay.

### c. The Third Factor Favors a Brief Stay because MSP Recovery Seeks an Extraordinary Remedy that Would Impose Burdensome Discovery Requirements.

The third factor – whether the stay will reduce the burden of litigation – also favors a stay. As explained in Zurich's motion to dismiss, *see* ECF No. 21 at Part II, MSP Recovery is not really interested in recovering the $1,170.39 allegedly owed for M.B.'s medical expenses. Among the problems with MSP Recovery's approach is that it usually cannot find instances where the alleged primary payers actually failed to reimburse the Medicare Advantage plans. So, MSP Recovery sues insurers to try to gain access to their claims data and search for claims on which to later sue them. MSP Recovery has tried various theories over the years to get Zurich's claims data. Here, MSP Recovery is trying to use the claim of M.B. to obtain discovery into years of unconnected claims files of Zurich by calling it an "equitable accounting." This is merely the latest in a series of improper attempts by MSP Recovery "to use the litigation process itself (in particular, discovery) as their pathway to identifying any value in the[ir] assigned receivables and then pursue[] any available collections." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 873 (7th Cir. 2021).

6

In other words, MSP Recovery is seeking to discover a breadth of information that is equivalent to the discovery one might expect in a class action. And stays are particularly appropriate in the class-action context. *E.g.*, *Rodriguez v. Ford Motor Co*., No. 21 C 2553, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022) ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss.").

Indeed, MSP Recovery broadly anticipates seeking discovery regarding *all* of Zurich's interactions with CMS and *all* claims made on is policies that cover injuries of Medicare beneficiaries. *See* Joint Initial Case Status Report at 5-6 (Dec. 9, 2022) [ECF No. 12]. For instance, it wants, without limitation, all of Zurich's "reporting to CMS" and each of its "contracts with vendors" relating to Medicare Secondary Payer Services. *Id.* at 6. And it wants all policies, claims files, and payment records relating to HFHP's insureds. *Id.*

Beyond the sheer volume, the nature of the discovery sought is also particularly burdensome. MSP Recovery seeks information related to health insurance – *i.e.*, health information and medical records – which is subject to strict confidentiality requirements. Therefore, proceeding with discovery with require Zurich to expend additional resources to ensure that the confidentiality rights of its insureds remain protected.

These burdensome discovery obligations – coupled with the fact that the MSP Act does not authorize equitable accounting, *see* ECF No. 21 at Part IV.C.2 – warrant staying discovery until the motion to dismiss is decided.

## CONCLUSION

In sum, Zurich has a high likelihood of success on its motion to dismiss based on its prior success dismissing nearly identical claims in this District, there is no indication that a brief delay

will be unfair to MSP Recovery, Zurich has raised grounds for dismissal that will dispose of the

entire case or will substantially reduce the number of live issues, and the extraordinary discovery

sought by MSP Recovery will impose significant discovery burdens on Zurich. For these and the

reasons described further above, the Court should grant the motion to stay discovery while Zurich's

motion to dismiss remains pending.

Dated: January 10, 2023

By: /s/ *Jeffrey R. Tone*

| | |
|---|---|
| Jeffrey R. Tone | Michael Menapace (pro hac vice) |
| Katten & Temple LLP | Wiggin and Dana LLP |
| 209 S. LaSalle St., Suite 950 | 20 Church Street |
| Chicago, IL 60604 | Hartford, CT 06103 |
| 312-663-4400 | (860) 297-3733 |
| jtone@kattentemple.com | mmenapace@wiggin.com |

*Counsel for Defendant Zurich American Insurance Company*

8

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on January 10, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

          */s/ Jeffrey Tone*
          Jeffrey Tone