# EXHIBIT E

1  Michael L. Baum, Esq., CA Bar No. 119511
   mbaum@baumhedlundlaw.com
2  R. Brent Wisner, Esq., CA Bar No. 276023
   rbwisner@baumhedlundlaw.com
3  Adam M. Foster, Esq. CA Bar No. 301507
   afoster@baumhedlundlaw.com
4  Pedram Esfandiary, Esq., CA Bar No. 312569
   pesfandiary@baumhedlundlaw.com
5  BAUM HEDLUND ARISTEI & GOLDMAN, P.C.
   12100 Wilshire Blvd., Suite 950
6  Los Angeles, CA 90025
   Tel:  (310) 207-3233 / Fax:  (310) 820-7444
7
8  *Attorneys for Plaintiffs*

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  MAO-MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity; MSPA CLAIMS 1, LLC, a Florida entity, | Case No.: 2:17-cv-2522-CAS-PLA |

13
14                                                      **SECOND AMENDED CLASS ACTION COMPLAINT**
15                    Plaintiffs,
16                                                      **DEMAND FOR JURY TRIAL**
17          vs.
18  FARMERS INSURANCE EXCHANGE[1];
    FARMERS INSURANCE COMPANY,
19  INC.; FARMERS INSURANCE
    COMPANY OF ARIZONA; FARMERS
20  INSURANCE COMPANY OF IDAHO;
    FARMERS INSURANCE COMPANY OF
21  OREGON; FARMERS INSURANCE
    COMPANY OF WASHINGTON;
22  FARMERS INSURANCE COMPANY OF
    COLUMBUS, INC.; FARMERS NEW
23  CENTURY INSURANCE COMPANY;
    FARMERS TEXAS MUTUAL
24  INSURANCE COMPANY; ILLINOIS
    FARMERS INSURANCE COMPANY;
25  EXAS FARMERS INSURANCE
    COMPANY; 21ST CENTURY
26
27  _____
28  [1] Plaintiffs previously named Farmers Group Inc. d/b/a Farmers Underwriter's ASS'N as a defendant.  However, upon representations by Defendants' counsel that Farmers Group Inc. does not write auto insurance policies, Plaintiffs have not included Farmers Group Inc. as a defendant in this First Amended Complaint.

**SECOND AMENDED COMPLAINT**

an automobile accident in Massachusetts are covered by the insured's PIP policy regardless of fault. Other states require automobile insurance companies to offer PIP, BRB, or Med Pay coverage as an add-on to traditional insurance, *i.e.*, Arkansas, Delaware, District of Columbia, Maryland, New Hampshire, Oregon, South Dakota, Texas, Virginia, Washington, and Wisconsin. In addition, other states have no specific regulations regarding PIP, BRB, or Med Pay coverage, but such coverage is often provided for by auto insurance companies such as Defendants.

41. Under the MSP provisions, PIP, BRB, Med Pay and other "no-fault" insurance providers are considered "primary payers" under Medicare. This means, when a Medicare beneficiary is involved in an accident, if that beneficiary has PIP, BRB, or Med Pay coverage, the no-fault coverage must pay for accident-related medical expenses as a primary payer. Therefore, Medicare benefits only apply once the policy limits of the PIP, BRB, or Med Pay coverage have been reached.[10]

42. Each state's no-fault law is intended to expeditiously provide insurance benefits to the insured for medical treatment regardless of fault.

43. The purpose of the no-fault statutory framework is to provide swift and virtually automatic payment. All no-fault laws abolish "a traditional common-law right by limiting the recovery available to car accident victims" and in exchange, require PIP insurance that is recoverable without regard to fault. No-fault insurers are primary payers of any bills for medical services and supplies incurred by their insureds resulting from the use, maintenance, and/or operation of a motor vehicle.

## PARTIES

44. MAO-MSO Recovery II, LLC is a Delaware entity, with its principal place

---

[9] In Kentucky, New Jersey, and Pennsylvania, the states require that drivers choose between either no-fault or traditional tort law forms of automobile insurance.

[10] Regardless of whether payments to an injured party are made pursuant to a voluntary settlement or to satisfy a judgment, Medicare is entitled to reimbursement of payments made for medical treatment related to the automobile accident injuries covered under the PIP, BRB, or Med Pay coverage.

**SECOND AMENDED COMPLAINT**

of business located at 45 Legion Drive, Cresskill, New Jersey 07626. MAO-MSO Recovery II, LLC is a citizen of the State of Delaware and is not a citizen of the state of any of the Defendants. Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by the Defendants.

45.    MSP Recovery Claims, Series LLC is a Delaware entity with its principal place of business located at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSP Recovery Claims, Series LLC is a citizen of the State of Florida and is not a citizen of the state of any of the Defendant. Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to designated series LLCs of the Plaintiff, and Plaintiff maintains the legal right, by and through its limited liability company agreement, to sue on behalf of each of its designated series LLCs. As such, Plaintiff has the right and authority to seek reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by Defendant.

46.    Plaintiff MSPA Claims 1, LLC is a Florida entity, with its principal place of business located at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSPA Claims 1, LLC is a citizen of the State of Florida and is not a citizen of the state of any of the Defendants. Numerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by the Defendants.

47.    Plaintiffs have been assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for enrollees under Medicare Part C; whether said rights arise from (i) contractual agreements, such as participation and network agreements with capitation and risk sharing arrangements, and/or (ii) state and federal laws that provide

14

**SECOND AMENDED COMPLAINT**