# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-22539-KMW

MSPA CLAIMS 1, LLC, a Florida Limited Liability Company, MSP RECOVERY CLAIMS, SERIES LLC, a Delaware entity, and SERIES 16-05-456, a series of MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiffs,

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign profit corporation, and LIBERTY MUTUAL INSURANCE COMPANY,

    Defendants.
_____/

PLAINTIFFS' FOURTH AMENDED
CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiffs MSPA Claims 1, LLC ("MSPA"), MSP Recovery Claims, Series LLC ("MSPRC"), and its sub-series Series 16-05-456 (together, the "MSP Plaintiffs"), on behalf of themselves and a Class of similarly situated entities (the "Class Members"), sue Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company (collectively, "defendants").

NATURE OF THE ACTION

1. This is a class action lawsuit arising from defendants' systematic and uniform failure to reimburse payments made by the MSP Plaintiffs and Class Members on behalf of Part C Medicare beneficiaries ("Enrollees") for medical expenses resulting from injuries sustained in automobile accidents (the "accident-related medical expenses"). The Enrollees are Medicare beneficiaries who were enrolled in Medicare Advantage health plans offered or managed by the

1

In fact, attached as Exhibit A is a list of more than 500 instances where defendants (or one of their affiliates) reported to CMS its responsibility to pay for insureds' accident-related medical expenses, but may have paid nothing and failed to reimburse the MSP Plaintiffs or their Assignors for the Assignors' conditional payments.[5]

## JURISDICTION AND VENUE

24. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

25. Venue is proper under 28 U.S.C. § 1391 in the United States District Court for the Southern District of Florida because the claims alleged in this action accrued in this district.

26. This Court has personal jurisdiction over the defendants because the defendants are authorized and licensed to conduct business in Florida; they maintain and carry on continuous and systematic contacts in this judicial district; they regularly transact business within this judicial district; and they regularly avail themselves of the benefits in this judicial district.

## THE PARTIES

27. MSPA is a limited liability company that is duly organized, validly existing, and in good standing under Florida law, with its principal place of business in Miami-Dade County, Florida.

28. MSPRC is a Delaware series limited liability company with its principal place of business at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155. MSPRC's limited liability company agreement provides for the establishment of one or more specific Series. All records of

---

[5] As explained above, these instances are representative of the claims data the MSP Plaintiffs possess, and constitute only a small fraction of the conditional payments for which defendants failed to reimburse the MSP Plaintiffs and the Class Members. Discovery will promptly reveal the true extent of defendants' non-compliance with the MSP Act.

9

all Series are maintained together with all assets of MSPRC.

29. Certain of the Assignors have assigned their recovery rights to assert the claims alleged in this Complaint to Series LLCs of MSPRC. MSPRC owns and controls all Series interests and all claims transferred from the relevant Assignors. As such, MSPRC has the right and power to sue defendant for reimbursement of the Assignors' conditional payments that should have been paid, in the first instance, by defendant.

30. Series 16-05-456, is a series of MSPRC with its principal place of business at 5000 S.W. 75th Avenue, Suite 400, Miami, Florida 33155.

31. Defendants are insurers doing business in the State of Florida. In the ordinary course of its business, defendants issue no-fault insurance policies in Florida that provide personal injury protection ("PIP") benefits, as well as medical expense and extended medical expense coverage, which must comply with Florida Statutes §§ 627.730 to 627.7405. This class action arises from defendants' ongoing and regular business activity in Florida, over which personal jurisdiction exists under Florida Statute § 48.193(1)(a)(1).

32. All conditions precedent to this action have occurred, been performed, or have been waived, including meeting any purported threshold amount (to the extent that might be applicable).

## THE REPRESENTATIVE ASSIGNMENT AGREEMENTS

33. MSP Plaintiffs' Assignors have executed irrevocable assignments of any and all rights to recover conditional payments made on behalf of Assignors' health plan members and Enrollees, including those who were insured by defendants. These assignments authorize the MSP Plaintiffs to pursue and enforce all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for beneficiaries under Medicare Part C, whether those rights arise from (i)